**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**BANKRUPTCY DIVISION**
**DIVISION OF ST. THOMAS/ST. JOHN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IN RE: INNOVATIVE COMMUNICATION CORPORATION, | ) ) | Case No. 07-30012 (MFW) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STAN SPRINGEL, TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. P. NO.: 09-3009 (MFW) |
| | ) | |
| PROSSER & CAMBELL, P.C. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Prosser & Cambell P.C. (the "Defendant") to Dismiss the Complaint filed by Stan Springel (the "Trustee"), the chapter 11 trustee of the bankruptcy estate of Innovative Communication Corporation ("New ICC"). For the reasons set forth below, the Court will deny the Motion.

I.   BACKGROUND

On February 10, 2006, involuntary chapter 11 cases were filed against Innovative Communication Company, LLC ("ICC-LLC"),

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure. Accordingly, the facts recited herein are as averred in the Complaint, which must be presumed true for the purposes of this Motion to Dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Emerging Communications, Inc. ("Emerging"), and Jeffrey J. Prosser.[2] Thereafter, ICC-LLC, Emerging and Prosser filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. ICC-LLC is a holding company owning approximately 51% of Emerging which owns 100% of New ICC. On March 15, 2007, Stan Springel was appointed the Trustee of ICC-LLC and Emerging.

On July 5, 2007, an involuntary chapter 11 case was filed against New ICC. Thereafter, New ICC filed a voluntary petition for relief under chapter 11. New ICC has various operating subsidiaries which own and operate the cable television system in St. Thomas, St. Croix, and St. John in the United States Virgin Islands. Stan Springel was later appointed the Trustee of New ICC.

On July 17, 2009, the Trustee commenced the above adversary proceeding by filing a complaint against the Defendant to recover alleged pre-petition fraudulent transfers, preferential transfers, and unauthorized post-petition transfers, under sections 544, 547, 548, and 549 of the Bankruptcy Code (the "Complaint"). The Defendant is a Nebraska professional corporation that provides accounting services.

On October 9, 2009, the Defendant filed a Motion to Dismiss the Complaint alleging lack of personal jurisdiction. On

---

[2] Prosser was the chairman of the board, CEO, and president of ICC-LLC.

2

November 5, 2009, the Trustee filed a response to the Motion. Briefing is complete and the matter is ripe for decision.

## II. JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding. 28 U.S.C. §§ 1334(b) & 157(b)(1). Many of the counts are core matters. 28 U.S.C. § 157(b)(2)(F). The Court has the power to enter an order on a motion to dismiss even if the matter is non-core or the Court lacks the authority to enter a final order on the merits. See, e.g., In re Trinsum Grp., Inc., 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012) ("After Stern v. Marshall, the ability of bankruptcy judges to enter interlocutory orders in proceedings . . . has been reaffirmed . . . ."); Boyd v. King Par, LLC, Case No. 11-CV-1106, 2011 WL 5509873, at *5 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions.").

## III. DISCUSSION

### A. Standard of Review

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to challenge a court's exercise of personal

3

jurisdiction. "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (internal citations omitted). To meet its burden, the plaintiff must establish "[a] nexus between the defendant, the forum and the litigation." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001).

"[I]n reviewing a motion to dismiss under Rule 12(b)(2) [the court] must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). The plaintiff need only establish a prima facie case for personal jurisdiction over the defendant to overcome a 12(b)(2) motion. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

A resolution of factual issues may be required to establish personal jurisdiction and thus a party may introduce extrinsic evidence beyond the pleadings to do so. See Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." Patterson by Patterson v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990).

B.  <u>Personal Jurisdiction</u>

Without citing any authority for its proposition, the Defendant asserts that there is no nationwide service of process for avoidance actions in bankruptcy because they do not involve the rest of the bankruptcy estate and do not constitute a public interest.  Thus, the Defendant argues that without nationwide service of process, it lacks the appropriate minimum contacts with the Virgin Islands to confer personal jurisdiction.  It contends that it never performed accounting services for New ICC <u>in</u> the Virgin Islands; instead, it argues that its only contact with the Virgin Islands was to send invoices to New ICC for services which it provided in Nebraska.

The Trustee responds that to exercise jurisdiction over a defendant in an adversary proceeding filed in a bankruptcy case, the Court need only find that the defendant has contacts with and was served within the United States.  <u>See generally</u>, <u>Fed. Fountain, Inc. v. KR Entm't. (In re Fed. Fountain, Inc.)</u>, 165 F.3d 600 (8th Cir. 1999); <u>Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)</u>, 124 F.3d 619 (4th Cir. 1997).

The Court agrees with the Trustee.  In adversary proceedings filed in bankruptcy cases, service of process can be made on anyone in the United States.  Fed. R. Bankr. P. 7004(g). Rule 7004(f) provides that nationwide service allows the Court to exercise personal jurisdiction over the defendant:

5

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F. R. Civ. P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Fed. R. Bankr. P. 7004(f).

For personal jurisdiction to be consistent with the Fifth Amendment, the Due Process Clause requires that the defendant have "minimum contacts" with the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (internal citation omitted).

In the bankruptcy context, however, the relevant inquiry under the Fifth Amendment is whether the defendant has "minimum contacts with the United States, rather than with a particular state". Anheuser-Busch, Inc. v. Paques (In re Paques), 277 B.R. 615, 628 (Bankr. E.D. Pa. 2000) (citing BP Chem. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000)).

> A bankruptcy case is different from a typical civil suit. A bankruptcy case usually does not affect only the sovereignty of a particular state; it has effects throughout the United States as a whole. So long as a defendant has minimum contacts with the United States, therefore, due process permits service on it. Where a defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or are related to those activities, minimum contacts will be found.

Klingher v. SALCI (In re Tandycrafts, Inc.), 317 B.R. 287, 289 (Bankr. D. Del. 2004).

Here, the Defendant has been served in accordance with

Bankruptcy Rule 7004. (Adv. D.I. 3.) Accordingly, the Court will apply a "national contacts" standard, and not merely a Virgin Islands contacts standard, in determining whether the Court's exercise of personal jurisdiction over the Defendant is proper.

    1.    Minimum Contacts

The Defendant is a Nebraska professional corporation with its principal place of business in Omaha, Nebraska. It clearly has contacts with the United States. This is more than sufficient to permit the Bankruptcy Court to exercise personal jurisdiction over the Defendant in the United States Virgin Islands.

    2.    Fair Play and Substantial Justice

Even if a defendant has minimum contacts, a court must still consider whether the exercise of personal jurisdiction "would offend traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987). See also Burger King, 471 U.S. at 476. Courts have "considered the following factors: (1) the burden on [defendant] of litigating in the United States; (2) the interest of the United States in adjudicating the dispute; (3) the [p]laintiff's interest in obtaining the relief sought; (4) the interstate judicial system's interest in obtaining the most efficient fundamental substantive social policies." AstroPower Liquidating

Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust), 335 B.R. 309, 321 (Bankr. D. Del. 2005).  The defendant bears the burden of making a "compelling case" that jurisdiction is unreasonable.  Burger King, 471 U.S. at 476-77.  See, e.g., Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, at 781 n.10 (7th Cir. 2003) (noting that "[t]hese factors rarely will justify a determination against personal jurisdiction").

The Defendant argues in this case that it will be burdened unreasonably by having to defend the adversary proceeding in the Virgin Islands because of the distance from the Defendant's principal place of business in Nebraska.  The Defendant asserts that the time spent in the air and the cost of travel to the Virgin Islands is clearly burdensome.[3]  The Defendant, however, fails to recognize that the relevant forum is the United States.  He argues that it is unreasonable to litigate the suit in the Virgin Islands, but perfectly reasonable to litigate in Nebraska.  The inquiry, however, is whether it is burdensome to litigate in the United States as a whole.

Further, the Defendant has conducted business with New ICC's non-debtor subsidiaries for several years and has received payments from New ICC, which is an entity whose operations are in

---

[3] Of course, the Defendant fails to recognize that the converse is also true with respect to the Trustee; it would be costly for the Trustee to have to litigate this suit in Nebraska.

the United States Virgin Islands. The Court concludes that the Defendant has failed to carry his heavy burden of establishing that the exercise of jurisdiction over him by this Court "offends traditional notions of fair play and substantial justice." Therefore, the Court will deny the Defendant's Motion to Dismiss for lack of personal jurisdiction.

IV. CONCLUSION

For the reasons set forth above, the Court will deny the Defendant's Motion to Dismiss.

An appropriate order is attached.

Dated: April 26, 2013                BY THE COURT:

                                     *(signature)*
                                     Mary F. Walrath
                                     United States Bankruptcy Judge